[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Alf M. Jorgensen, commenced this action claiming a dissolution of his marriage to the defendant, Beverly Jorgensen, an equitable division of jointly owned property and such other and further relief the court may deem equitable.
The defendant filed a cross compliant claiming a dissolution of the marriage, alimony, equitable division of the real and personal property of the parties and all such other relief as the court may deem proper.
A trial of the matter was held on December 17, 1991 and the court finds the following facts as proved:
1) The plaintiff and the defendant intermarried at Old Saybrook, Connecticut on October 24, 1980.
2) The plaintiff has resided continuously in the State of Connecticut for at least twelve months next preceding the filing of his complaint.
3) The marriage of the parties has broken down irretrievably.
4) There are no minor children issue of this CT Page 3282 marriage.
5) The parties separated on June 15, 1991. The defendant continues to reside in the marital home at 22 Dwayne Road, Old Saybrook and the plaintiff, since the separation, has been living in a room at the garage business he operates in Old Saybrook.
6) Determination of the cause of the break down of this marriage is quite difficult in this particular case. The plaintiff admitted to having an extra marital affair and to being physically abusive to his wife on several occasions. He also indicated that she was unhappy with the hours of work that he put in to his business and that he was not particularly happy with the type of work she did, namely nursing. She basically did not want to associate with the people who were around his garage and he was not interested in socializing with the other doctors and nurses and people in the medical profession. Although the wife knew of the affair and, of course, knew of the physical abuse, she testified that that was not the cause of the break down and she was in fact willing to go on with the marriage even as of the date of the trial. Under these circumstances it does not seem appropriate to assess any fault against either parties due to their actions but rather it would be more equitable merely to try and provide for a fair distribution of their assets.
The plaintiff is 37 years old. This is his first marriage and he is a automobile mechanic with well trained abilities, including managerial abilities. At the present time he is operating an automobile repair business in Old Saybrook, but for the past two years has not been able to make any money due to the cost of a new building which he erected in March of 1989. In 1989 his business had a loss of $6,982. and in 1990 his business had a loss of $10,492. The losses are primarily due to the plaintiff's plan under which he built a large building, much larger than he needed for his own business, with the hope of and anticipation of leasing and renting a substantial portion of the building for a substantial rent that would reduce his cost of doing business. Unfortunately due to the drastic down turn in the real estate market this did not come about and he is presently saddled with approximately $465,000 in debt service in connection with the new business and building.
The wife is 44 years old and it is her second marriage and she works as a nurse and office manager at Lawrence Memorial Hospital. She presently earns $631.72 per week and is in good health. CT Page 3283
7) The parties have three major assets and they are as follows:
A. The parties jointly hold a first mortgage on property at Boston Post Road in Old Saybrook which has a present balance of approximately $125,000.00 and produces approximately $2,460.00 per month income for the parties.
B. The parties jointly own the marital residence 2 Dwayne Road, Old Saybrook, Connecticut. This dwelling has a present value of somewhere between $250,000 and $300,000 and is encumbered by a mortgage of $225,000. There would appear to be somewhere in the neighborhood of $25,000 to $75,000 of equity in the jointly owned family residence.
C. The parties jointly own a large business commercial building at 11 Mill Rock Road, Old Saybrook, Connecticut. That building according to both parties has a fair market value of approximately $375,000 and is encumbered with $465,000 in debt which is comprised of a mortgage in the amount of $338,000 and unsecured loan in the amount of $112,000 and another unsecured loan in the amount of $15,000. In addition to the three assets above described the parties have three or four motor vehicles worth approximately $6,000, $2,000 IRA and $1,200 cash. Both parties have worked very hard during the course of the marriage as have the daughters of the defendant wife by a prior marriage. This was a family effort in which a great many hours were put in each week. Prior to the marriage in July 1977 the plaintiff opened Alfie's Garage on the Boston Post Road in Old Saybrook. He had borrowed $3,000 from his grandmother and came with his tool box and pickup truck. By 1980 at the time he married the defendant he had $25,000 in the bank. His debts were all paid and he was living at home with his parents. The defendant wife came to the marriage with approximately $8,000 or $10,000 which she obtained as a result of her first marriage. The plaintiff purchased the real estate in which he was operating his business in July of 1980 a few months prior to the marriage. He was able to purchase this real estate for $110,000 by putting down $25,000 cash which he had and taking out a SBA loan for $85,000. Both parties worked in the business after the marriage and the business was quite good to them and they were able to earn $50,000 per year or more in the early 1980's. The business and real estate was sold in December 1986 for $360,000. The parties received $160,000 cash down payment and a mortgage in the amount of $200,000. This being the same mortgage described in subparagraph A above. CT Page 3284 The parties purchased the marital home at 2 Dwayne Road in 1984 for $155,000 and then proceeded to put some additions on to the house and refinanced again in 1986 to help pay for the additions and in 1990 to help pay in part for the new business building.
8) After reviewing all of the facts found, the evidence presented and the statutory criteria as set forth in Conn. General Statutes Sec. 46b-81 and 46b-82 the court enters the following orders:
A) The marriage is dissolved.
B) The plaintiff is ordered to convey all of his right, title and interest in and to the real estate at 2 Dwayne Road, Old Saybrook, Connecticut to the defendant.
C) The defendant is ordered to convey all of her right, title and interest in and to the real estate at 11 Mill Rock Road, Old Saybrook, Connecticut to the plaintiff. The plaintiff is to be responsible for and hold harmless the defendant from and against the claim arising out of the $338,000 mortgage on the Mill Rock Road property and the two unsecured loan of $112,000 and $15,000. Likewise the defendant is to hold harmless and indemnify the plaintiff from and against any claim arising out of the $224,000 mortgage on the marital residence.
D) The mortgage known as the Breslin mortgage which the parties jointly hold shall remain joint and each party shall be entitled to receive one-half of the monthly payment due under that mortgage. It is the intent of this court that each party hold an undivided one-half interest in that mortgage.
E) The parties are ordered to file a joint Federal Income Tax for the year 1991 and any refund due thereunder shall become the sole property of the defendant wife, Beverly Jorgensen.
F) The parties are each ordered to pay one-half of the four joint loans (college loans in the amount of $14,000).
G) This court enters no order for alimony in view of the fact that at the present time the defendant wife is earning substantially more money than the plaintiff husband and is living under much more comfortable circumstances.
H) The tools, equipment and business at 11 Mill CT Page 3285 Rock Road shall be the sole exclusive property of the plaintiff husband.
I) The plaintiff is ordered to redeem the IRA account and pay over one-half of said sum to the defendant wife. This is necessary because of the parties great cash bind and negative cash flow which they are presently experiencing.
O'CONNELL, JUDGE